(112 So. 91)

## HILL v. STATE. (8 Div. 515.)

Court of Appeals of Alabama. March 29, 1927.

**50**

Mitchell & Hughston, of Florence, for appellant.

Brief of counsel did not reach the Reporter.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. This is a companion case to that of Minnie St. Peter (Eighth Div. 528, 112 So. 91[2]), affirmed by this court at present term. The indictment contained two counts and charged that he did distill, make, or manufacture spirituous or malted liquors, a part of which was alcohol, also with the possession of a still to be used for that purpose.

The affirmative charge was requested as to each count of the indictment and refused. In this there was no error. As stated, in the Minnie St. Peter Case, the corpus delicti was fully proven without dispute or conflict. There was evidence in this case tending to show that this appellant was a frequent visitor at the St. Peter house where the complete still, beer, whisky, etc. was found in the cellar. There was also evidence tending to show that this appellant and Minnie St. Peter associated frequently together and that together they exchanged whisky to one of the state's witnesses for large quantities of sugar, and to another state witness traded whisky for a typewriter similar to the one found in the house when the raid was made. This, and other evidence of like import, all of which was strenuously denied by defendant, presented a jury question; consequently the court was without authority to direct a verdict for defendant as requested by him in writing.

We are of the opinion that the defendant was accorded a fair trial, and that his substantial rights were in no manner impaired by any of the rulings of the court to which exceptions were reserved. No good purpose could be subserved by a discussion of the numerous exceptions reserved to the rulings of the court upon the admission of the evidence. As stated, a clear-cut issue of fact was presented, and the evidence of the state was ample upon which to predicate the verdict and to sustain the judgment of conviction. The record is regular.

Affirmed.

[2] Ante, p. 47.