(112 So. 91)

### ST. PETER v. STATE. (8 Div. 528.)

Court of Appeals of Alabama. March 29, 1927.

W. L. Almon, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. The indictment contained two counts and charged this appellant with the offenses of distilling, making, or manufacturing alcoholic, spirituous, or malted liquor, a part of which was alcohol, and, also, the possession of a still, etc., to be used for that purpose.

The corpus delicti was fully proven. The evidence disclosed, without dispute, that in the basement or cellar of a house owned and in the joint possession of this appellant and her husband in the city of Florence, the searching officers found a complete 40 or 50 gallon still all connected up, with a fire under it. They also found there 8 or 10 barrels of beer, and, as expressed by the witnesses: "We got about 20 some odd gallons of whisky there." The evidence discloses also that the cellar or basement was adroitly built for the purpose, with no entrance except through a trap door in the floor of a small closet adjoining the bedroom in which appellant admitted she sometimes spent the night with her husband. There was some evidence tending to show that this appellant bought large quantities of sugar from one of the state witnesses who testified that during the period of about a year she bought from him 3,000 or 4,000 pounds of sugar, and that she paid him whisky for the sugar. There were other incriminating facts and circumstances disclosed by the evidence in this case, to all of which the defendant entered a strenuous denial, and her testimony tended to show that she had bought no sugar at all from the state witness; that she had never given him whisky in exchange for sugar; and that, while she knew the still was in the basement of the house, she had no part in its operation or possession. Her testimony tended to show that her husband, one Joe St. Peter, was the owner, operator, and possessor of the still, etc., in question.

■ The conflict in the evidence was for the jury; therefore the charges refused to defendant, each of which was affirmative in its nature, were properly refused. There were numerous exceptions reserved to the court's rulings upon the evidence. They have all been examined and considered, but we have discovered no ruling of the court which injuriously affected the substantial rights of the defendant.

■ The evidence in this case presented a clear-cut issue of fact for the jury; that for the state tended to show the guilt of the accused; that for the defendant tended to show to the contrary. We are of the opinion that the evidence was ample to sustain the verdict of the jury, and the judgment rendered in accordance therewith.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.